**Ralph KAMPEN and Katherine Kampen**

v.

**AMERICAN ISUZU MOTORS, INC.**

**Civil Action No. 94–3216.**

United States District Court,
E.D. Louisiana,
New Orleans Division.

April 11, 1996.

B. Gerald Weeks, Weeks, Kavanagh & Rendeiro, New Orleans, LA, for Ralph Kampen, Katherine Kampen.

Kathleen Mary Bilbe, Kathleen Mary Bilbe, APLC, New Orleans, LA, for Kathleen M. Bilbe.

Michael T. Pulaski, Keith W. McDaniel, Pulaski, Gieger & Laborde, New Orleans, LA, for American Isuzu Motors, Inc.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the defendant's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

### Background

The plaintiffs' daughter owned a 1989 Isuzu Impulse. In 1993 she told her father, Ralph, that she had heard a sound underneath the front end of the car and asked him to investigate. Using the manufacturer-provided jack, Mr. Kampen lifted the front driver's side of the car. He inspected the wheel and found no problem. He let the car down, then jacked up the passenger's side to repeat the process. Again, he saw no problem, but decided to look at the wheel from under the car with a flashlight. Mr. Kampen placed his head and shoulders beneath the car. The jack gave way and the car came down on top of Mr. Kampen, breaking his clavicle.

The Kampens sued in state court under the Louisiana Products Liability Act (LPLA), LA.REV.STAT. § 9:2800.51 *et seq.;* the defendant removed to federal court on the basis of diversity. American Isuzu now moves for summary judgment.

### Law And Application

#### I.

Federal Rule of Civil Procedure 56 teaches that summary judgment is appropriate if the record discloses no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477

U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is proper if the opponent fails to establish an essential element of its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court must "view the evidence and the inferences to be drawn from it in the light most favorable to the nonmovant," *Pavone v. Mississippi Riverboat Amusement, Ltd.,* 52 F.3d 560 (5th Cir.1995); and the Fifth Circuit has cautioned that "summary judgment is not usually appropriate in a products liability case." *Lockart v. Kobe Steel Ltd.,* 989 F.2d 864, 866 (5th Cir.1993) (citing *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990)).

## II.

The parties agree that the LPLA governs this case. The Act imposes strict liability on manufacturers "for damage proximately caused by a characteristic of [a] product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product...." § 9:2800.54(A). The statute further places the burden of proof on the plaintiff. § 9:2800.54(D). Finally, the LPLA specifies four exclusive theories for proof of unreasonable danger: (1) construction or composition; (2) design; (3) inadequate warning; and (4) breach of express warranty. § 9:2800.54(b). American Isuzu Motors challenges each element of proof. First, it points out that Mr. Kampen did not engage the jack in a "reasonably anticipated use"; second, it contends that no evidence exists to support any of the four theories of liability under the Act.

The defendant contends that Mr. Kampen's use of the jack to support the car while he placed himself underneath it was not a reasonably anticipated one. The danger of such use, the defendant asserts, is obvious: the jack is a tool for changing tires, not an all-purpose lift. Isuzu relies on two clear warnings. Instructions printed on the cover to the spare-tire compartment where the jack was stored stated:

Caution: Refer to Owner's Manual and follow jacking preparation and instructions in order to reduce the possibility of serious injury. Never get beneath the vehicle when it is supported only by a jack.

And, the Owner's Manual itself contained a similar warning:

Warning: In order to reduce the chance of personal injury: Follow the tire changing and stowage instructions; use the jack only when changing wheels; never get beneath the car when using the jack.

Isuzu asserts that a reasonable user would not disregard two explicit warnings and use the tire jack to support the car as he crawled under it.

The Kampens contest this characterization. They maintain that no evidence establishes that their car's storage compartment contained any instructions. They admit, however, that the Owner's Manual had the warning, and that Mr. Kampen did not read the Owner's Manual before jacking up the car. They also insist that Mr. Kampen properly used the jack: his undisputed testimony shows that he properly braced the car and positioned the jack correctly. The jack's purpose, as seen by the plaintiffs, was to lift the car. Thus, when it gave way, it failed in its purpose.

The statute defines a "reasonably anticipated use" as "a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." § 9:2800.53(7). This definition narrows the common-law concept of "normal use"; the statutory scheme has supplanted that law. *Lockart,* 989 F.2d at 867. The LPLA does not hold a manufacturer liable for injuries sustained during every foreseeable use or misuse of a product. *Id.* For example, a plaintiff can seek no recovery if his use created obvious dangers, *Myers v. American Seating Co.,* 637 So.2d 771 (La.Ct.App.1994), *writ denied,* 644 So.2d 631 (La.1994) (finding that standing on the back of a folding chair, while foreseeable, does not constitute "reasonably anticipated use" of the chair), or if the manufacturer adequately warned against the use. The plaintiff bears the burden of establishing that his use of the product was a reasonably anticipated one. *Lockart,* 989 F.2d at 869. In sum, the simple fact of

product failure does not mean that a defect exists.

It is settled that warnings contained in an owner's manual bear on a product's "reasonably anticipated use." As the Fifth Circuit has cautioned: "When a manufacturer expressly warns against using the product in a certain way . . . it is expected that the ordinary consumer would not use the product in contravention of the express warning." *Lockart*, 989 F.2d at 867. Here, the plaintiff does not dispute that an explicit warning preceded the jacking instructions in the manual: "In order to reduce the chance of personal injury: . . . Use the jack only when changing wheels . . . Never get beneath the car when using the jack." Mr. Kampen ignored those warnings; he used the jack for something other than changing tires; he placed his head and shoulders underneath.

The Kampens do not contest the adequacy of these warnings. Thus, this motion poses no question regarding their sufficiency. The sole issue instead is whether, viewed in light of these adequate cautions, placing one's body beneath a car supported by only the jack is reasonable behavior.

The Court finds that it is not. The purpose of the warning is to prevent precisely the type of injuries suffered by Mr. Kampen. That Mr. Kampen disregarded these instructions is, perhaps, foreseeable; but it is not reasonable. *See Delphen v. Dep't of Transportation*, 657 So.2d 328, 334 (La.Ct.App. 1995) (holding that bicycle manufacturer not liable because the product could be safely used if the instructions were followed). Similarly, that he otherwise engaged the jack properly is not what this dispute is about. The instructions make clear that the risk of injury when one is under the car—as opposed to beside it, changing a tire—is hazardously increased. The likelihood of jack failure is equal in both situations; it is the consequences of that failure that drive the manufacturer's warning. Because the risk of injury is so much greater, Isuzu correctly cautioned against going under the car at all. Further, to a man with substantial mechanical experience,[1] such a risk would be obvious.

---

1. Mr. Kampen worked as a mechanic for three years. That he admits he did not even read the

*Delphen*, 657 So.2d at 334 (holding that manufacturer need not warn of obvious danger of operating bicycle with loose front wheel). Because the Court finds that Mr. Kampen did not make use of the jack in a reasonably anticipated manner, it need not reach the question of the sufficiency of his proof as to any theory of defect.

Accordingly, the defendant's motion for summary judgment is GRANTED.

Owner's Manual makes defendant's case even stronger.